IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENATA BELAYA | CIVIL ACTION NO.: |
| Plaintiff | |
| v. | _____ |
| VERIZON COMMUNICATIONS, INC. | JURY TRIAL DEMANDED |
| Defendant | *Electronically Filed* |

## COMPLAINT

Plaintiff, RENATA BELAYA, a resident of Carbon County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, VERIZON COMMUNICATIONS, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343 and 1367f.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Renata Belaya ("Ms. Belaya"), is a female adult individual residing in Carbon County, Pennsylvania.

4. Defendant, Verizon Communications, Inc. ("Verizon"), is a Delaware corporation maintaining a business address at 121 Adams Street, Scranton, Lackawanna County, Pennsylvania 18503.

5. At all times relevant and material hereto, Verizon employed in excess of 500 people.

## ADMINISTRATIVE PROCEEDINGS

6. On or about March 20, 2015, Ms. Belaya filed a Complaint with the Pennsylvania Human Relations Commission, which was docketed as Case No. 201402634.

7. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

8. Ms. Belaya, who is of Ukrainian national origin, was hired to work for Verizon on or about November 16, 1998, as a Customer Service Representative. From 2008 until her termination, Ms. Belaya worked at the Verizon facility located in Scranton, Pennsylvania.

9. Ms. Belaya performed her work in a satisfactory manner at all times.

10. Despite her work being satisfactorily performed, in or about early October 2014, Ms. Belaya's manager, Kim Shatrowskas, who is from the United States, made repeated comments about Ms. Belaya's accent being a problem for Verizon.

11. In or about early October 2014, Ms. Shatrowskas stated that with Ms. Belaya's accent, Verizon's customers might think their calls were being handled in the Philippines or India, and because of that fact, might not want to purchase services.

12. Other managers had never raised any concerns with Ms. Belaya's accent.

13. In or about mid-October 2014, Ms. Belaya was suspended for three days without pay.

14. Verizon's stated reason for suspending Ms. Belaya was her job performance; however, Ms. Belaya's job performance was always at least satisfactory.

15. On or about November 10, 2014, Ms. Shatrowskas gave Ms. Belaya positive feedback on two calls she made, with the exception of Ms. Shatrowskas continuing to complain about Ms. Belaya's accent.

16. Ms. Shatrowskas suggested to Ms. Belaya that Ms. Belaya try to get rid of her accent, to which Ms. Belaya expressed concern that such an endeavor may prove to be impossible due to Ms. Belaya having been born and raised in the Ukraine.

17. Ms. Belaya further advised that her accent had not been a problem in her prior sixteen years working for Verizon, and that only Ms. Shatrowskas had a problem with her accent.

18. On or about November 13, 2014, Ms. Belaya was suspended for ten days without pay.

19. Again, Verizon's stated reason for suspending Ms. Belaya was her job performance; however, Ms. Belaya's job performance was still always at least satisfactory, with the only issue raised being Ms. Shatrowskas complaint about Ms. Belaya's accent.

20. As a result of her second suspension, Ms. Belaya placed a phone call to Verizon's equal employment hotline to complain that she was being discriminated against because of her national origin. Ms. Belaya was told that no evidence of discrimination was found, and the case was closed in or about December 2014.

21. In or about May 2015, Ms. Belaya filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based upon

Verizon's actions towards her, which was docketed a Charge Number 530-2015-00755.

22. Although the EEOC charge was voluntarily withdrawn by Ms. Belaya on May 26, 2015, Verizon was aware that Ms. Belaya had filed a claim of discrimination on the basis of race and national origin.

23. Ms. Belaya was suspended a third time by the same manager in October 2015. Again, Ms. Belaya had performed her work in a satisfactory manner, and her manager continued to complain about Ms. Belaya's accent.

24. When Ms. Belaya was advised of her suspension in October 2015, she suffered from a panic attach, which resulted in her being out on disability for about two and a half months.

25. Following her disability leave, Ms. Belaya returned to work in or about February 2016, at which time she was taken off of phone-based work and assigned jobs helping out internally.

26. On or about March 18, 2016, Ms. Belaya was suspended from work again and subsequently terminated.

27. Ms. Belaya's termination was due to her race and national origin and/or in retaliation for her good faith complaints to Verizon's equal employment hotline and the EEOC.

28. The work conditions Ms. Belaya was forced to endure and her ultimate termination were in violation of 42 U.S.C. §1981, which prohibits discrimination in contracting on the basis of race and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951, et seq., which prohibits discrimination in employment on the basis of race and national origin.

## COUNT I
## VIOLATIONS OF 42 U.S.C. §1981

29. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

30. At all times relevant herein, Ms. Belaya maintained or sought to maintain a contractual relationship with Verizon (i.e., an employment relationship).

31. At all times relevant herein, Verizon acted by and through their agents, servants, and employees, to intentionally discriminate against Ms. Belaya on the basis of her race and thereby deny her the benefits of the contractual relationship she had entered into with Verizon.

32. Ms. Belaya has suffered damages as a direct result of Verizon's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff Renata Belaya seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II
## PHRA VIOLATIONS

33. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

34. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

35. By engaging in the creation and fostering of a racially hostile environment and retaliating against Ms. Belaya following her complaints, Verizon violated Ms. Belaya's state rights under the PHRA, which prohibits both discrimination and harassment based upon race and retaliation for complaints of discrimination and harassment.

36. As more fully set forth in Counts I, Ms. Belaya has suffered directly and solely as a result of Verizon's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff Renata Belaya seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Renata Belaya, prays that the Court enter judgment in hers favor and against the Defendant, Verizon Communications, Inc., and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from discriminating or retaliating against the Plaintiff on the basis of hers race and/or any basis prohibited under applicable federal and state law;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and/or retaliation at the hands of the Defendant until the date of verdict;

d. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by the Defendant's actions;

e. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law;

h. The Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

i. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

December 19, 2016
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA Bar I.D. #: 83410
lweisberg@mwcfirm.com

Derrek W. Cummings, Esquire
PA Bar I.D. #: 83286
dcummings@mwcfirm.com

Stephen T. Mahan, Jr., Esquire
PA Bar I.D. #: 313550
smahan@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)
Attorneys for Plaintiff